IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LEVI WHITE,

    Plaintiff,

v.

CAPIO PARTNERS, LLC,

    Defendant.

1:15-cv-120

## O R D E R

Presently before the Court are two motions filed too soon. The first is Defendant's motion to dismiss for insufficient service of process and lack of personal jurisdiction. (Doc. 6). The second is Plaintiff's motion to extend the time to serve until January 12, 2016. (Doc. 9). In a case removed to federal court, Federal Rule of Civil Procedure 4(m) provides 120 days to serve a defendant from the day that the case was removed. Because that deadline has not expired, Defendant's motion to dismiss is denied.

For his part, Plaintiff appears unaware that when he filed his motion he already had until December 4, 2015 to serve Defendant. Therefore, the Court finds that Plaintiff's requested extension is unnecessary and denies his motion as well.

## I. BACKGROUND

The following factual assertions come from Plaintiff's complaint, Defendant's motion to dismiss, Plaintiff's response to that motion, and Plaintiff's own motion to extend time to serve. Plaintiff Levi White, proceeding pro se, filed his complaint against Defendant Capio Partners, LLC on June 5, 2015 in the Magistrate Court of Richmond County, Georgia. (Notice of Removal, Doc. 1, Ex. 2). At that time, he attempted service on Corporation Service Company, who he believed was Defendant's registered agent for service of process. (Notice of Removal, Doc. 1, Ex. 2; Pl.'s Resp. Br., Doc. 8 ¶ 6). He found this information on the Georgia Secretary of State's website. (Pl.'s Response Br., Doc. 8 ¶ 6). But this was a mistake.

In 2008, Defendant left Georgia and became a Texas limited liability company. (Def. Br., Doc. 6 at 3). Soon after, they registered as a foreign corporation doing business in Georgia, listing their registered agent for service of process as CT Corporation System, located at 1201 Peachtree St. NE, Atlanta, Georgia 30361. (Id.). According to Defendant's brief, and supported by Plaintiff's response brief, service on CT Corporation System has never been attempted. (Id.; Pl.'s Resp. Br., Doc. 8).

On July 13, 2015, Defendant received this lawsuit from an unspecified source. (Notice of Removal, Doc. 1 ¶ 5). Of course,

learning of a pending lawsuit does not equate with service of process. And so, on August 6, 2015, Defendant removed the case to federal court and, on August 17th, filed the instant motion to dismiss. (Id.; Def.'s Mtn. to Dismiss, Doc. 6).

After receiving the motion to dismiss, Plaintiff took three steps in short order. First, two days later, Plaintiff amended his complaint. (Doc. 7). Second, Plaintiff filed his response brief in opposition to Defendant's motion. (Doc. 8). Finally, on September 16th, Plaintiff filed a motion for a 120 day extension to serve Defendant. (Doc. 9). Defendant did not file a brief in opposition to Plaintiff's motion.

## II. DISCUSSION

"A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under [Federal Rule of Civil Procedure] 4(m)." Lepone-Dempsey v. Carroll Cnty. Comr's, 476 F.3d 1277, 1280-81 (citing Fed. R. Civ. P. 4(c)(1); 4(m)). "A defendant's actual notice is not sufficient to cure defectively executed service." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). "And although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'" Id. (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002).

3

In cases removed from state courts, the sufficiency of service of process attempted before removal is governed by state law. See Rentz v. Swift Transp. Co., 185 F.R.D. 693, 696 (M.D. Ga. 1998) ("In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed."). Once a case has been removed to federal court, federal law governs future attempts to serve process. 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c)(1). Additionally, many courts in this Circuit have found that Rule 4(m)'s 120-day period for service begins upon the day a case was removed to federal court. Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478-79 (N.D. Ga. 1997); Salle v. Ford Motor Co., No. 2:12-cv-1086-WKW, 2013 WL 3280325, at *5 n. 4 (N.D. Ala. June 25, 2013); Buckley v. Bayrock Mortg. Corp., No. 1:09-cv-1387-TWT, 2010 WL 476673, at *4 n.6 (N.D. Ga. Feb. 5, 2010); Kimbrough v. City of Cocoa, No. 6:05-CV-471, 2006 WL 1643364, at *1 (M.D. Fla. June 6, 2006); see also 4B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed. 2015) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court"). The Court agrees that Rule 4(m)'s 120-day service requirement does not commence until the notice of removal is filed in district court.

4

Defendant's motion to dismiss addresses only one aspect of service: the deficiency on whom it was served. Plaintiff responded in kind by only addressing why he served Defendant's former registered agent. Neither party discussed whether the deadline to serve under Rule 4(m) had expired.

Any ruling on whether Rule 4(m)'s deadline has passed necessarily requires the Court to decide whether the previously attempted service was sufficient. As discussed above, because the case was in state court when Plaintiff attempted service, the sufficiency of that service is governed by Georgia law. In pertinent part, O.C.G.A. § 9-11-4(e) provides:

> (e) . . . Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows:
>
> (1)(A) If the action is against . . . a foreign corporation authorized to transact business in this state, to the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a <u>registered agent</u> thereof . . . .

O.C.G.A. § 9-11-4(e)(emphasis added). Plaintiff attempted to serve Defendant's registered agent; however, he served a former registered agent. Therefore, as a matter of Georgia law, Plaintiff's attempted service was insufficient.

Having concluded that Plaintiff has yet to properly serve Defendant, the Court now turns to whether the deadline to do so has expired under Rule 4(m). As discussed above, because this

5

case was removed, Plaintiff has 120 days from the notice of removal to serve Defendant. Fed. R. Civ. P. 4(m); e.g. Ritts, 989 F. Supp. at 1478-79. Because Plaintiff has until December 4, 2015 to serve Defendant, Defendant's motion to dismiss is **DENIED**.

The Court now turns to Plaintiff's motion to extend time to serve. Plaintiff's motion requested an extension "up to and including January 12, 2016." (Doc. 9). As the Court finds that the current service deadline is December 4, 2015, Plaintiff's requested extension is unnecessary and is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of October, 2015.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```